# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA,**

   Plaintiff,

     v.

**JAIME AMADOR-MELENDEZ,**         CRIM. NO. 18-150 (PG)

   Defendant.

## ORDER

On August 3, 2018, defendant Jaime Amador-Melendez ("defendant") filed a motion to suppress evidence. See Docket No. 24. This court denied that motion three days later. See Docket No. 25. Defendant moved this court to reconsider that ruling on September 28. See Docket No. 32. The government opposes defendant's motion for reconsideration. See Docket No. 33. For the following reasons, defendant's motion is **DENIED**.

## I. BACKGROUND

On March 4, 2018, Puerto Rico Police Department ("PRPD") officers stopped a grey Mitsubishi Outlander near "Los Kings Lounge" on Jose De Diego Avenue[1] because the vehicle's high intensity headlights violated local traffic laws.[2] See Docket No. 1-1 at 2. Defendant was travelling in that vehicle with Richelle Figueroa-Torres ("Figueroa-Torres") and two juveniles. See Docket No. 1-1 at 2-3. Though defendant was driving the vehicle at the time of the stop, Figueroa-Torres – not defendant – is the vehicle's owner. See Docket No. 1-1 at 3.

While conducting the traffic stop, PRPD officers detected the vehicle's interior exuded the smell of marihuana. See Docket 1-1 No. at 3. After obtaining Figueroa-Torres' consent, the officers conducted a search of the vehicle which yielded a Glock pistol modified to fire automatically, 53

---

[1] Jose De Diego Avenue is located in San Juan, Puerto Rico.
[2] Article 14.05(d) of Puerto Rico's traffic and vehicle regulation statute forbids the use of high intensity headlights on lighted public roads. See P.R. Laws Ann. Tit. 9 Sec. 5405.

rounds of ammunition, two high-capacity magazines, two plastic bags of marijuana, $1,532 in cash, and three cellphones. See Docket No. 1-1 at 4. Later on, after PRPD officers read him his Miranda rights, defendant confessed ownership of the seized items. See Docket No. 1-1 at 3.

On March 5, 2018, the United States filed a criminal complaint against defendant. See Docket No. 1. On March 8, a grand jury charged the defendant with possession of a firearm and possession of a machine gun in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). See Docket No. 8. Defendant was additionally charged with illegal possession of a machine gun in violation of 18 U.S.C. § 922(o) and with possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1). See Docket No. 8.

Defendant submitted a motion to suppress evidence on August 3. He predicated the entirety of that motion on the argument that the search of the vehicle and his subsequent arrest were illegal because PRPD officers lacked probable cause to initially stop the vehicle. See Docket No. 24 at 3 and 8. However, defendant failed to posit any cognizable facts or arguments to back up that conclusory assertion. See Docket No. 24. Indeed, in a line order denying that motion, this court pointed out that "the defendant is incorrect in stating that police could not initially stop the vehicle at issue. The affidavit to the complaint states the car was stopped for a violation of Puerto Rico Traffic Law, to wit, high intensity headlights." Docket No. 25.

Now, defendant moves this court to reconsider that ruling. See Docket No. 32. He attempts to "refine his previous arguments that the law enforcement agents who ordered him to stop his vehicle lacked probable cause to order them out of the vehicle as there was never a violation of law for which to be stopped and searched, namely, there was never a violation of Puerto Rico Traffic Law related to the high intensity lights."[3] Docket No. 32 at 4. An affidavit sworn by Figueroa-Torres backs up defendant's position. See Docket No. 32-1 (stating that the vehicle was not in violation of

---

[3] The record demonstrates that the vehicle at issue was decidedly not "[defendant's] car," as defendant states in his motion, but instead belonged to Figueroa-Torres. See Docket No. 1-1 at 3; Docket No. 32-1. Figueroa-Torres' affidavit also seems to confound who was driving the vehicle at the time of the stop. See Docket No. 32-1. This court takes issue with defendants who jockey for position by misstating the record and proffering contradictory assertions.

any traffic laws because the headlights were not set to a high intensity, but rather to the low beams that turn on automatically when the vehicle is started). Still, defendant's position remains a losing one: but for the narrow exceptions allowed for just cause or newly discovered evidence, a motion for reconsideration does not accommodate supplementary arguments. See United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009).

## II. DISCUSSION

A. Motion to Suppress Evidence

To succeed on a motion to suppress, or to at least obtain an evidentiary hearing, defendants "must make a sufficient showing" that the evidence in question was seized illegally – that is, seized without a warrant and in the absence of one of the exceptions that allows for such search. Id. at 51. "The burden is on the defendant to allege facts, sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented.'" United States v. Calderon, 77 F.3d 6, 9 (1st Cir.1996).

Indeed, "[a]n evidentiary hearing need not be set as a matter of course, but only if the motion alleges facts that, if proved, would require the grant of relief. Factual allegations that are general and conclusory or based upon suspicion and conjecture will not suffice."3A CHARLES ALAN WRIGHT & SARAH N. WELLING, FEDERAL PRACTICE AND PROCEDURE § 689 (4th ed. 2010).

Defendant argued in his initial motion to suppress evidence that the search of the vehicle and his subsequent arrest were illegal because PRPD officers lacked probable cause to initially stop the vehicle, but failed to posit any cognizable facts or arguments to back up that general, conclusory assertion. See Docket No. 24. Thus, because defendant failed "to allege facts, sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented," he fell short of the burden he must shoulder in order to succeed on a motion to suppress evidence. Defendant's general and conclusory allegations were simply not enough. See WRIGHT & WELLING, supra, § 689.

B. <u>Motion for Reconsideration</u>

A motion for reconsideration is not a second turn at bat for parties to remedy "[their] own procedural failures" or "to advance arguments that could and should have been presented to the district court prior to judgment." <u>Allen</u>, 573 F.3d at 53 (<u>quoting</u> <u>Iverson v. City of Boston</u>, 452 F.3d 94, 104 (1st Cir.2006)) (applying <u>Iverson</u>, which refers to a motion for reconsideration after a judgment had been rendered in a civil case, to a motion to reconsider the denial of a motion to suppress evidence). A motion for reconsideration is thus only appropriate when "the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust". <u>Id.</u> (<u>quoting</u> <u>Marie v. Allied Home Mortgage Corp.</u>, 402 F.3d 1, 7 n. 2 (1st Cir.2005)). Courts will not apply the newly discovered evidence exception when the evidence could have been presented earlier, had the moving party exercised its due diligence. <u>See</u> <u>Id.</u> (<u>quoting</u> <u>Emmanuel v. Int'l Bhd. of Teamsters, Local Union No. 25</u>, 426 F.3d 416, 422 (1st Cir.2005)).

As discussed above, defendant failed to meet the required pleading standard in his initial motion to suppress evidence. Now, he attempts to surmount his own deficiencies by bolstering his allegations in a motion for reconsideration. <u>See</u> Docket No. 32. However, a motion for reconsideration is not an appropriate vehicle to do so. <u>See</u> <u>Allen</u>, 573 F.3d at 53 (<u>quoting</u> <u>Iverson</u>, 452 F.3d at 104).

Defendant can only succeed if he presents newly discovered evidence, any intervening change in the law, or "demonstrates that this court committed a manifest error of law or was clearly unjust" in its original decision. <u>Id.</u> (<u>quoting</u> <u>Marie</u>, 402 F.3d at 7 n. 2). The law has not changed in respect with the issues at hand in defendant's case. This court's earlier decision was neither plagued by a manifest error of law nor clearly unjust. <u>See</u> Docket No. 25.

Only the exception allowed for newly discovered evidence remains available to defendant. However, this exception does not aid him. Courts will not apply the newly discovered evidence exception when the evidence could have been presented earlier, had the moving party exercised its

due diligence. See Allen, 573 F.3d at 53 (quoting Emmanuel, 426 F.3d at 422). Indeed, every single supplementary argument, as well as the affidavit in support of defendant's motion, could have been brought in the initial motion to suppress evidence, had defendant exercised his due diligence. See Docket No. 32. As such, they cannot be considered newly discovered evidence.

The crux of the matter is simple: defendant did not reach the pleading standard required of his initial motion to suppress evidence because he failed to make sufficiently detailed allegations. He attempts to raise those allegations now, presumably in the guise of newly discovered evidence. However, there is no use in shutting the door once the horse has already bolted. See Allen, 573 F.3d at 53 (quoting Iverson, 452 F.3d at 104).

### III. CONCLUSION

Defendant's motion for reconsideration of this court's denial of his motion to suppress evidence necessarily fails because he cannot raise at this stage new allegations that he could and should have raised in his motion to suppress evidence. As such, defendant's motion for reconsideration is **DENIED**.

**IT IS SO ORDERED**.
In San Juan, Puerto Rico, October 9, 2018.

S/ JUAN M. PÉREZ-GIMÉNEZ
**JUAN M. PEREZ-GIMÉNEZ**
**SENIOR U.S. DISTRICT JUDGE**
